STEVENS LINEN WORKS v. WILLIAM & JOHN DON & CO. et al.

(Circuit Court of Appeals, Second Circuit. January 27, 1904.)

No. 66.

1. TRADE-MARKS—LETTERS OF ALPHABET—MARKS INDICATING QUALITY.

Where a manufacturer of linen crash adopted and used various letters of the alphabet to designate the grade and quality of his crash, and such letters did not tend in any manner to designate ownership, they could not be made the subject of trade-mark.

2. SAME—UNFAIR COMPETITION.

Where, in a suit to restrain the use of letters of the alphabet, attached to various qualities of plaintiff's manufactured goods, there was no evidence that any purchaser had ever been deluded, by the use of the letters by defendant, into the belief that he was buying complainant's goods, in-

¶ 1. Arbitrary, descriptive, or fictitious character of trade-marks and trade-names, see note to Searle & Hereth Co. v. Warner, 50 C. C. A. 323.

¶ 2. Unfair competition, see notes to Scheuer v. Muller, 20 C. C. A. 165; Lare v. Harper & Bros., 30 C. C. A. 376.

stead of defendant's, or that buyers generally for consumption relied on the letters as the earmarks of complainant's manufacture, plaintiff could not restrain defendant's use thereof on the ground of unfair competition.

Appeal from the Circuit Court of the United States for the Southern District of New York.

These eight cases come here by stipulation on a single appeal from a judgment of the United States Circuit Court for the Southern District of New York (121 Fed. 171) dismissing a bill brought to restrain unfair competition and the infringement of complainant's trade-mark.

Joseph C. Clayton, for appellant.

George Wilcox, for appellee.

Before LACOMBE and TOWNSEND, Circuit Judges.

PER CURIAM. The court below in its opinion has fully and accurately stated the facts which must control in the disposition of this case.

The practically uncontradicted evidence shows that letters, such as are claimed by complainant as a trade-mark, are, by universal custom of trade, used to designate grade and quality, and not ownership, and that complainant originally adopted them to indicate the different qualities of its goods. Furthermore, complainant has a separate, distinct trade-mark for its fabrics, as to which, in its statement and declaration in the Patent Office, it says:

"The Stevens Linen Works has adopted for its use a trade-mark for linen fabrics, of which the following is a full, clear, and exact description: The trade-mark of said company consists of the arbitrary word-symbol, 'Stevens Crash.' These have generally been arranged as shown in the accompanying fac simile, the words 'Stevens Crash' being printed in a line diagonally across an ornamented square ground."

There is no evidence to support the charge of unfair competition on the part of the defendant—no evidence that any one was ever deluded by the use of the letters into the belief that he was buying complainant's goods instead of defendant's. And the proof does not warrant the inference that buyers for consumption rely upon the letters as the earmarks of complainant's manufacture. In these circumstances, it is unnecessary to discuss the questions of trade-mark or unfair competition presented by the arguments of counsel, because no such issues are involved in the case.

The judgment is affirmed.